# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANIL PATEL and MANISH PATEL,** Plaintiffs, v. **COLE SCHOTZ, P.C.,** *et al.*, Defendants. | Civ. No. 2:17-cv-4868 (WJM) **OPINION** |

## WILLIAM J. MARTINI, U.S.D.J.:

Plaintiffs Anil Patel and Manish Patel brought this civil rights action under 42 U.S.C. § 1983 against Defendants Narendra Lakhani, Darshan Lakhani, Sonali Mody, Lakhani Associates (the "Lakhani Defendants"), Rabinowitz, Lubetkin & Tully, LLC, and Jonathan I. Rabinowitz, (the "Rabinowitz Defendants"), and Cole Schotz, P.C. The Lakhani Defendants and the Rabinowitz Defendants each move separately for sanctions against Plaintiffs pursuant to Fed. R. Civ. P. 11(b), 28 U.S.C. § 1927, and the Court's inherent powers. For reasons that follow, both motions are **DENIED**.

### I. BACKGROUND

Since 2011, the Patels and Lakhanis have been embroiled in litigation in New Jersey Superior Court over several joint hotel ventures. The Lakhanis subsequently obtained a judgment against the Patels for $9.8 million, which they are still attempting to collect. In October 2016, the Superior Court denied the Patels' motion to stay collection and appointed Defendant Jonathan I. Rabinowitz as Receiver. Mr. Rabinowitz was represented in Superior Court by his law firm, Defendant Rabinowitz, Lubetkin & Tully, LLC.

On June 16, 2017, the Patels brought this instant federal action under 42 U.S.C. § 1983, claiming that the Lakhanis "improperly used the judgment to invoke the compulsory powers of New Jersey to seize valuable and substantial property from the Patels through execution activities that fail to comport with minimum constitutional due process requirements." Pls.' Resp. Lakhanis' Rule 11 Mot, 2. Defendants, believing the complaint to be frivolous, notified the Patels that they planned to move the Court for sanctions unless the complaint was withdrawn within the 21-day "safe harbor" period under Rule 11. The Patels waited until the last day of the safe harbor period before withdrawing the complaint

1

voluntarily without prejudice, a maneuver which Defendants insist was intended to maximize the Defendants' legal expenses by causing them to prepare a Rule 11 motion and a motion to dismiss. *See* Lakhanis' Rule 11 Mot. 1. Patels counsel withdrew from their representation of the Patels in this action and in the pending state court proceedings. Soon after withdrawing the complaint, the Patels sent a letter to Defendants indicating that they would refile the complaint once they could reach a viable financial arrangement with new counsel. The Lakhani Defendants filed their motion for sanctions against the Patels on September 28, 2017. ECF No. 7. The Rabinowitz Defendants filed a similar motion for sanctions on October 13, 2017. ECF No. 9.

## II. DISCUSSION

The Court retains jurisdiction over the motions for sanctions notwithstanding that no complaint is pending. *E.g.*, *Brice v. Bauer*, 689 Fed. Appx. 122 (3d Cir. 2017). For the purposes of this motion there is no need to analyze the two motions separately. Both sets of Defendants ask for sanctions under Rule 11, 28 U.S.C. § 1927, and the Court's "inherent powers." The Court now addresses each type of sanction.

### A. Rule 11 Sanctions[1]

Rule 11 "requires an attorney who signs a complaint to certify both that it is not interposed for improper purposes, such as delay or harassment, and that there is a reasonable basis in law and fact for the claim." *Balthazar v. Atl. City Med. Ctr.*, 279 F.Supp.2d 574, 593 (D.N.J. 2003) (quoting *Napier v. Thirty or More Unidentified Federal Agents, Employees or Officers*, 855 F.2d 1080, 1090)(3d Cir. 1988)). The purpose of Rule 11 is "to discourage pleadings that are frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith." *Napier*, 855 F.2d at 1090-91 (citations omitted). When applying Rule 11, "the Court looks objectively to whether the imposition of sanctions would be 'reasonable under the circumstances.'" *Keith v. Itoyama*, 2006 WL 3069481, *20 (D.N.J. Oct. 27, 2006) (citing *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995)). A party served with a Rule 11 motion has a 21-day "safe harbor" period during which to withdraw the contested paper claim or paper; if withdrawal does not occur, the moving party may file for sanctions with the court. Fed. R. Civ. P. 11(c)(2).

The Lakhani and Rabinowitz Defendants allege that the Patels and their counsel filed a frivolous lawsuit, then waited until the final day of Rule 11's 21-day safe harbor period to withdrawal, before immediately threatening to refile the same frivolous claim. "As a purely technical matter," the Rabinowitz Defendants concede, "Plaintiffs complied with the letter of Rule 11 by withdrawing their frivolous complaint within the safe harbor period." Rabinowitz Reply Br. 3. Defendants argue nonetheless that this conduct—which they allege was intended to maximize Defendants' legal expenses—undermines the "spirit"

---

[1] The Court will not consider the sanctions request made by the Patels in their opposition papers. "[A] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2).

and "purpose" of Rule 11. *See* Lakhani Br. 4-5. According to both groups of Defendants, the Patels' threat to refile the complaint was alone sufficient to trigger sanctions. Lakhani Reply 2.

The Court finds that Rule 11 sanctions are unavailable in light of the Patels' voluntary withdrawal of the complaint. *See Hockley by Hockley v. Shan Enter. Ltd. P'ship*, 19 F. Supp. 2d 235, 240 (D.N.J. 1998) (citing Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendment) at 89 (West 1998)) ("The court can impose sanctions only if, after twenty-one days, the non-moving party has not withdrawn the offending petition or acknowledge[d] candidly that it does not currently have evidence to support a specified allegation.'"). To impose sanctions here under Rule 11 would undermine the purpose of the safe harbor provision, which is to curb apprehension that withdrawal may be viewed as evidence of a violation. *See* Fed. R. Civ. P. 11 Advisory Committee Notes ("Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11."). In any event, the rule is clear: "If the pleading is withdrawn in timely fashion, the matter is at an end and sanctions become unavailable; a 'safe harbor' is provided." *Thomas v. Treasury Mgmt. Ass'n, Inc.*, 158 F.R.D. 364, 366 (D. Md. 1994). *See* Fed. R. Civ. P. 11 advisory committee's note ("If, during this period, the alleged violation is corrected, as by withdrawing . . . some allegation or contention, the motion should not be filed with the court.").

Further, Defendants provide no past examples of sanctions imposed for threatening to refile a complaint that has been voluntarily dismissed without prejudice. Indeed, even a successful Rule 11 motion does not preclude the sanctioned party from refiling its complaint. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). That does make defendants answerable to a unending sequence of abortive litigation. Rather, the threat of successive withdraw-and-refiling is met by Rule 41(a)(1), which provides that voluntary dismissal counts as a final adjudication if "the plaintiff previously dismissed any federal- or state-court action based on or including the same claim . . . ." Fed. R. Civ. P. 41(a)(1)(B). *See Cooter & Gell*, 496 U.S. at 397 (citations omitted) ("Rule 41(a)(1) was intended to eliminate the annoying of a defendant by being summoned into court in successive actions and then, if no settlement is arrived at, requiring him to permit the action to be dismissed and another one commenced at leisure."). Defendants' Rule 11 motions are therefore denied.

### B. Attorney Sanctions under 28 U.S.C. § 1927

Under 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Section 1927 sanctions are intended "to deter an attorney from intentionally and unnecessarily delaying judicial proceedings . . . ." *LaSalle Nat. Bank v. First Connecticut Holding Grp., LLC.*, 287 F.3d 279, 288 (3d Cir. 2002). Because § 1927 "necessarily 'carries with it the potential for abuse . . . the statute should be construed narrowly and with great caution to

stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." *Id.* at 289 (citations omitted).

The Court declines to impose § 1927 where, as of yet, there has been no "multiplication" of federal court proceedings. *See generally Mogavero v. Seterus, Inc.*, No. 15-cv-1314 (WHW)(CLW), 2015 WL 7300501, at *2 (D.N.J. Nov. 18, 2015) ("Unlike Federal Rule of Civil Procedure 11, which also provides for attorney sanctions, '§ 1927 explicitly covers only the multiplication of proceedings that prolong the litigation of a case and likely not the initial pleading . . . ."). Defendants ask the Court to view the complaint in the context of the protracted and contentious litigation between the parties in state court. Until the Patels refile or otherwise reengage Defendants in federal court, however, there has been no "multiplication of proceedings" for the purposes of § 1927. The motions are therefore denied.

### C. The Courts' Inherent Powers

The Court retains inherent powers, independent from any Rule or statute, to sanction litigants. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) ("We discern no basis for holding that the sanctioning scheme of the statute and the rules displaces the inherent power to impose sanctions for the bad-faith conduct described above."). At this stage, however, sanctions are not appropriate. The Court has already explained that it must provide the Patels "safe harbor" for Rule 11 purposes, and that threatening to refile a withdrawn complaint is not sanctionable. Although the Patels' conduct may take a different character when viewed in the context of the parties' state-court litigation, it is generally not the business of this Court to regulate the behavior of litigants in state court.[2] *See generally Gillette Foods Inc. v. Bayernwald-Fruchteverwertung, GmbH*, 977 F.2d 809, 813 (3d Cir. 1992) (emphasis added) ("The imposition of sanctions . . . transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police *itself*.").

While there is no reason at this juncture to examine the quagmire of the parties' state-court litigation, the Patels and their counsel should, as always, think very carefully before filing an amended complaint. This Court will not hesitate to sanction conduct that falls short of the ethical standards of our legal system. As Defendants suggest, sanctions may be issued under Rule 11, if the amended complaint has no basis in law or fact; under 28 U.S.C. § 1927, if counsel in bad faith "multiplies the proceedings"; or by way of the Court's inherent powers, which, if nothing else, "exist to fill in the interstices" of statutory sanctions. *Fellheimer, Eichen & Braverman, P.C. v. Charter Tech., Inc.*, 57 F.3d 1215, 1224 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42-43 (1991)).

---

[2] That is not to say that the Court will ignore impropriety in state court should it decide to impose sanctions in the future.

## III. CONCLUSION

For the foregoing reasons, the Lakhani Defendants' motion for sanctions is **DENIED without prejudice**, and the Rabinowitz Defendants' motion for sanctions is **DENIED without prejudice**.

          /s/ William J. Martini
          **WILLIAM J. MARTINI, U.S.D.J.**

**January 29, 2018**